BEFORE THE FIRST DIVISION, MARCH 13, 1968

**No. P68/141.**—Sumitomo Shoji New York, Inc., and J. M. Rodgers Co., Inc., et al. *v.* United States, protests 64/547, etc. (New York).

WATSON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of synthetic rubber rain and protective wear similar in all material respects to those the subject of *United States* v. *Weather-Rite Sportswear Co., Inc.* (52 CCPA 7, C.A.D. 848), the claim of the plaintiffs was sustained.

**No. P68/142.**—Panation Trade Co. *v.* United States, protest 65/20219 (New York).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of "piano wire bracelets" similar in all material respects to those the subject of *Devon Trading Company* v. *United States* (48 Cust. Ct. 451, Abstract 66761) following the decision in *The J. Orlando Co., Inc., et al.* v. *United States* (43 Cust. Ct. 115, C.D. 2114), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, MARCH 13, 1968

**No. P68/143.**—Arthur J. Fritz & Co. and Tradeship, Ltd., et al. *v.* United States, protests 61/20588, etc. (San Francisco).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of rayon labels similar in all material respects to those the subject of *Bruce Duncan Co., Inc., a/c Standard Commodities Import & Export Corp.* v. *United States* (51 Cust. Ct. 27, C.D. 2409), the claim of the plaintiffs was sustained.